### BURNOS v. AMERICAN SUGAR REFINING CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

INJURY TO EMPLOYÉ—NEGLIGENCE—RETENTION OF INCOMPETENT FELLOW SERVANT—PROXIMATE CAUSE.

>  Though a master is negligent in retaining in his employ a servant after knowledge that on several occasions he had been found asleep by the foreman, and when awakened had appeared to be dazed or drowzy, this is not the proximate cause of, so as to make the master liable for, injury to a fellow servant, by such servant setting machinery in motion while the fellow servant was inside it, there being no evidence that the servant was drowsy when he started the machinery, or that he had just awakened.

Appeal from Trial Term, Kings County.

Action by Frank Burnos against the American Sugar Refining Company of New York. From a judgment for plaintiff and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

John Notman, for appellant.

George V. S. Williams (Melville J. France, on the brief), for respondent.

MILLER, J. The plaintiff was injured by the sudden starting of machinery while he was cleaning the inside of a vat or mixer, pursuant to the direction of the defendant's foreman. The machine was started by one Stephani, a fellow servant of the plaintiff, employed to oil machinery, who shifted a belt from a loose to a tight pulley for the purpose of oiling the loose pulley, thereby setting in motion the shaft which operated the mixer on the floor above, in which the plaintiff was injured. This shifting of the belt without ascertaining that there was no one within the mixer was a negligent act, in violation of a rule of the defendant. The only negligence charged against the defendant by the plaintiff was its retention of said Stephani in its employ after it had knowledge, or should have had knowledge, of said Stephani's alleged incompetence; and the only ground upon which this claim is based is that Stephani on prior occasions had been found asleep by his foreman, and when awak-

ened had appeared to be dazed or drowsy, which fact is claimed to have been communicated to the defendant's superintendent before the occurrence in question. There is no proof that Stephani had ever violated the rules of the defendant in respect to starting the machinery, or that he had been habitually careless, or that he was generally an incompetent or negligent servant. The court limited the examination of witnesses by the defendant's counsel to the matters affirmatively shown to reflect upon said Stephani by saying:

"I will charge the jury that they are bound to assume that, with the exceptions affirmatively disclosed in the evidence, that there is nothing against him, and that his reputation was unblemished."

And, further, upon defendant offering to call witnesses to show that Stephani had never been observed to be derelict in his duty, the court said:

"You need not call them. I am going to instruct the jury that, except for the lapses that have been proved, they are to assume that he was competent. I am saying that now, gentlemen, because I may forget it later. You are not to assume that he made any departure from his duty, except so far as it has been proven; you are to decide that."

We may assume that there was sufficient evidence to warrant submitting the question to the jury whether the defendant was negligent in retaining Stephani in its employ after having been warned of the occurrences heretofore referred to; but the general rule that negligence of the defendant does not furnish a basis for recovery unless it was the cause of the plaintiff's injuries is applicable, and there is no evidence from which the jury could be permitted even to infer that Stephani was drowsy at the time he shifted the belt causing the plaintiff's injury, or that he had awakened from sleep just prior thereto. Without discussing the authorities relied upon by the respondent, it is sufficient to say that they are all cases of general incompetence, or of habitual omission or commission of acts which caused the particular injury complained of. Harrington v. N. Y. C. & H. R. R. R. Co. (Sup.) 4 N. Y. Supp. 640, and Engelhardt v. Delaware, L. & W. R. R. Co., 78 Hun, 588, 29 N. Y. Supp. 425, seem to be directly in point. In each of those cases the plaintiff charged that the defendant was guilty of negligence in keeping in its employ a servant known to have become intoxicated on different occasions; but it did not appear that such servant was intoxicated at the time of committing the negligent act causing the injury, and it was held that the plaintiff had failed to prove that the negligence of the defendant caused his injury. It does not appear, even inferentially, that the occasional sleepiness or drowsiness of Stephani had anything to do with this accident, and, as he was concededly competent in all other respects, even though the defendant was negligent in retaining him in its employ, it cannot be said that such negligence was the cause of the plaintiff's injury. The motion of the defendant at the close of plaintiff's evidence, and also of the entire case, should, therefore, have been granted.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.